UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERICK VOLKMAN,
on behalf of himself and
all others similarly situated,

        Plaintiffs,

v.                                                     Case No. 18-C-91

ENHANCED RECOVERY COMPANY, LLC,
d/b/a ERC,

        Defendant.

## ORDER GRANTING CLASS CERTIFICATION AND
## DENYING MOTION TO SEAL

Plaintiff Derick Volkman alleges Defendant Enhanced Recovery Company, LLC (ERC) violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.,* by mailing initial template collection letters to Wisconsin residents that fail to unambiguously identify the creditor. Volkman filed a motion for class certification on May 30, 2018, seeking to represent the following class:

> All persons with addresses in the State of Wisconsin to whom Enhanced Recovery Company, LLC mailed an initial written communication to collect a debt between January 17, 2017 and February 7, 2018, which was not returned as undeliverable, and which stated "[y]our recently disconnected Time Warner Cable account has been forwarded to us to assist you in the resolution of your balance due."

Pl.'s Br. at 2, ECF No. 15. Volkman also filed a Civil L.R. motion to seal an exhibit (ECF No. 26-2) attached to the Declaration of Philip D. Stern. For the following reasons, Volkman's motion for class certification (ECF No. 14) will be granted and his motion to seal an exhibit (ECF No. 27) will be denied.

**BACKGROUND**

Volkman's allegations arise from a letter he received from ERC dated January 17, 2017. Volkman alleges that the letter is a computer generated template form letter used by ERC to collect debts from Wisconsin residents. The letter states, "Your recently disconnected Time Warner Cable Account has been forwarded to us to assist you in the resolution of your balance due." ECF No. 1-1. Volkman asserts that ERC violated the FDCPA by mailing letters that fail to identify a creditor, the name of the entity to whom the debt is owed, or the name of the entity who placed the accounts for collection. Volkman seeks statutory damages on behalf of himself and the proposed class for this purported violation.

**ANALYSIS**

**A.  Volkman's Standing**

As an initial matter, ERC challenges Volkman's standing, alleging that he must prove he suffered an injury-in-fact and asserts that resolution of this dispute on a class-wide basis is not appropriate because Volkman "would be required to present individualized evidence of a concrete injury suffered by each class member to show standing to sue." Def.'s Resp. at 12, ECF No. 21. Volkman counters that he need not allege a tangible injury when he can demonstrate a sufficient risk of real harm to a Congressionally-protected interest.

To establish standing, a plaintiff must show:

> (1) An "injury in fact," that is, "an invasion of a legally protected interest which is . . . concrete and particularized, and . . . actual or imminent"; (2) a causal connection between the injury and the challenged conduct, meaning that the injury is "fairly traceable" to the challenged conduct; and (3) a likelihood "that the injury will be redressed by a favorable decision."

*Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 688 (7th Cir. 2015) (alterations in original) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Relying primarily on *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016), ERC argues Volkman does not have standing because he has not alleged that he suffered a tangible and concrete injury. Addressing this very issue of standing under the FDCPA in light of *Spokeo*, however, the Seventh Circuit stated "the Court made clear that '"[c]oncrete" is not . . . necessarily synonymous with "tangible."'" *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 344 (7th Cir. 2018) (quoting *Spokeo*, 136 S.Ct. at 1549). "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *Spokeo*, 136 S.Ct. at 1549. "'[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact,' such as where the statutory violation creates 'risk of real harm.'" *Evans*, 889 F.3d at 344 (quoting *Spokeo*, 136 S.Ct. at 1549). As a result, the *Evans* court held that the defendant's alleged violation of the FDCPA was sufficient to show an injury-in-fact, granting the plaintiffs standing, because the plaintiffs suffered a real risk of financial harm due to the defendant's failure to report to a credit reporting agency that their debt was disputed. *Id.*

Likewise, Volkman's allegations are sufficient to establish standing. ERC's alleged failure to disclose the identity of the creditor to whom the debt is owed in its letter creates a real risk of financial harm. "Knowing the current creditor 'potentially affects the debtor in the most basic ways, such as what the debtor should write after 'pay to the order of' on the payment check to ensure that the debt is satisfied.'" *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) (citation omitted). The fact that the alleged violation here is substantive, rather than merely a procedural violation, distinguishes it from *Meyers v. Nicolet Restaurant of De Pere*, LLC, 843 F.3d

3

724 (7th Cir. 2016) (holding that a violation of a statute "completely divorced from any potential real-world harm" is not sufficient to satisfy the standing requirement). This case is also distinguishable from *Jackson v. Abendroth & Russell, P.C.*, 207 F. Supp. 3d 945 (S.D. Iowa 2016). Unlike *Jackson*, where the dunning letter allegedly "did not properly inform [plaintiff] of '[his] right to dispute the [d]ebt or to request the name and address of the original creditor,'" and demanded payment prior to the end of the thirty-day validation period, *Jackson*, 207 F. Supp. at 953, ERC's alleged omission of the name of the creditor to whom the debt is owed inherently creates a risk of real world harm because the debtor is unable to determine to whom payments should be made and whether the debt is one the debtor actually owes. Other courts within the Seventh Circuit have likewise not been persuaded by the reasoning in *Jackson*. *See Johnson v. Enhanced Recovery Co., LLC*, 325 F.R.D. 608 (N.D. Ind. 2018); *Dunham v. Robert Crane & Assocs., LLC*, No. 1:16-CV-2100-SEB-MPB, 2017 WL 2664287 (S.D. Ind. June 20, 2017).

Regarding ERC's claim that Volkman must present individualized evidence of each proposed class member's injury, that is not needed here where each purported class member's injury is the result of the same alleged conduct by ERC producing the same risk of financial harm that produced Volkman's injury. *See Kohen v. Pacific Inv. Mgmt. Co. LLC*, 571 F.3d 672, 676 (7th Cir. 2009) ("[A]s long as one member of a certified class has a plausible claim to have suffered damages, the requirement of standing is satisfied."). Thus, the situation here is distinguishable from *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006), where class certification was partly denied because the class representative's claims were not typical of the putative class. Consequently, Volkman has standing.

**B.     Rule 23(a) and Rule 23(b)(3) Analysis**

A plaintiff requesting class certification must satisfy the four prerequisites of Rule 23(a) as well as one of the provisions listed in Rule 23(b). *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Rule 23(a) requires that a plaintiff establish that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). It is the plaintiff's burden to prove that class certification is warranted. *Oshana*, 472 F.3d at 513. Rule 23 is not a "mere pleading standard," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), and a plaintiff must prove each disputed requirement by a preponderance of the evidence. *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012), *reh'g denied* Feb. 28, 2012 (citing *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008)).

Here, ERC only disputes one of Rule 23(a)'s preliminary requirements—commonality. Regarding numerosity, the proposed class, which includes 1,692 members, is sufficiently large to meet Rule 23(a)(1)'s numerosity requirement. *See Pruitt v. City of Chi.*, 472 F.3d 925, 926–27 (7th Cir. 2006) (recognizing that classes consisting of as few as forty members could satisfy numerosity).

Rule 23(a)(2)'s commonality requirement is satisfied when a common issue of law or fact is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. In other words, a plaintiff must show that the class members "suffered the same injury." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012) (citation omitted).

5

ERC argues that, in order for Volkman to prove the alleged violations of 15 U.S.C. 1692e, individualized proof will be required for each class member to establish that any alleged misstatement was material. Commonality, however, only requires that "the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014). The Seventh Circuit recognizes that "[c]ommon nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct toward members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citations omitted). Here, each purported class member's claim stems from ERC alleged failure to include the identity of the creditor to whom the debt was owed on its form letter that it mailed. Thus, each class member's claim will rise or fall on a determination of the same legal issue: whether ERC's form letter identified the creditor to whom the debt was owed.

Regarding materiality and Volkman's § 1692g(a)(2) claim, the Seventh Circuit has explicitly held that § 1692g(a) "does not have an additional materiality requirement, express or implied." *Janetos*, 825 F.3d at 319. "If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion." *Id.*

Materiality is also capable of class-wide resolution without individual inquiry with respect to Volkman's § 1692e claim. This is because materiality is determined based on the objective "unsophisticated consumer" standard that asks "whether a person of modest education and limited commercial savvy would be likely to be deceived." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Extrinsic evidence, such as consumer surveys, to prove consumer confusion is not necessary "where § 1692g(a)(2) requires a particular disclosure—the name of the current creditor—and defendants' letters simply fail to provide it, directly or directly." *Janetos*, 825

6

F.3d at 323. "The recipients of these letters would therefore find themselves obliged to guess who currently owned the debts in question." *Id.*

ERC also argues that the allegation in Volkman's complaint that the letter sent by ERC "makes false, deceptive, and misleading statements concerning the 'Charges & Fees' it may collect regarding the alleged Debt and the amount due," Compl., ¶ 27, ECF No. 1, is not suitable to class-wide adjudication because resolution would require individual mini-trials to resolve. While the specific amount of charges and fees assessed may require individual resolution, the question of whether ERC collected or implied it could collect charges and fees that it was prohibited from doing can be addressed on a class-wide basis. Moreover, in his motion for class certification, Volkman makes no mention of charges and fees, but rather focuses solely on the alleged failure of the letter to identify the name of the entity to whom the debt is owed. As a result, Rule 23(a)(2)'s commonality requirement is satisfied.

The typicality requirement of Rule 23(a)(3) "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims or other class members and his or her claims are based on the same legal theory." *Id.* (citation omitted). Here, typicality is inherent in Volkman's allegations because the same allegedly offending form letter mailed by ERC to the purported class members gives rise to each member's claim that ERC violated the FDCPA. Accordingly, the typicality requirement is satisfied.

Having satisfied the four requirements of Rule 23(a) by a preponderance of the evidence, Volkman must satisfy at least one of Rule 23(b)'s provisions. In this case, Volkman relies on Rule

7

23(b)(3), which requires that the court find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed R. Civ. P. 23(b)(3). In deciding this issue, the court should consider "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

"[A] common question predominates over individual claims if 'a failure of proof on the common question would end the case' and the whole case 'will prevail or fail in unison.'" *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 378 (7th Cir. 2015) (quoting *Amgen, Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 460 (2013)). ERC argues that a common question does not predominate because the question of whether the debts are consumer debts, and thus subject to the requirements of the FDCPA, requires an "individualized inquiry that can only be resolved through an analysis of facts particular to each purported class member." Def.'s Resp. at 13, ECF No. 21. ERC's collection service agreement with Time Warner Cable, however, states "For Residential Subscriber Accounts" at the top. ECF No. 26-2. Nor has ERC produced any evidence in support of its claim that not all of the class member's debts are consumer debts. Therefore, the court is convinced that the issue of whether ERC violated the FDCPA by sending template letters to the purported class without identifying the current creditor of the debt it sought to collect predominates over any individual questions of the class members, establishing predominance under Rule 23(b).

As to superiority, the court concludes that a class action is the superior method for adjudicating the claims in this case. A class action would promote the fair and efficient adjudication

of the issues raised here and would be superior to the large number of individual lawsuits that would otherwise result given that the alleged injury for each purported class member arises from a form letter. Volkman has therefore satisfied the superiority component of Rule 23(b)(3).

**C.     Motion to Seal**

Volkman requests that Exhibit B appended to the declaration of Philip D. Stern be filed under seal pursuant to Gen. L.R. 79(d) and the court's previously entered stipulated protective order. ECF No. 18. Before sealing any part of the record of a case, the court must make a determination of good cause. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). "Documents that affect the disposition of federal litigation are presumptively open to the public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002); *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000)). The records and decisions of the court should be within the public's view to allow the public access to the reasoning upon which the judicial decision rests. *See Leavell*, 220 F.3d at 567.

Volkman relies solely on the court's previously entered stipulated protective order and the fact that the exhibit was designated "limited to case participants" as his grounds for his motion. As Gen. L.R. 79(d)(3) states, "Any motion to seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." "Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied . . . ." *Id.* As Volkman's motion does not "analyze the applicable legal criteria or contend

that any document contains a protectable trade secret or otherwise legitimately may be kept from public inspection despite its importance to the resolution of the litigation," *Baxter*, 297 F.3d at 546, the motion will be denied.

## CONCLUSION

Volkman has fulfilled the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. For the foregoing reasons, Volkman's motion for class certification (ECF No. 14) is **GRANTED** and Volkman's motion to seal (ECF No. 27) is **DENIED**. The following class is hereby certified: All persons with addresses in the State of Wisconsin to whom Enhanced Recovery Company, LLC mailed an initial written communication to collect a debt between January 17, 2017 and February 7, 2018, which was not returned as undeliverable, and which stated "[y]our recently disconnected Time Warner Cable account has been forwarded to us to assist you in the resolution of your balance due."

It is further ordered that counsel of record for Volkman is appointed as class counsel. Within 30 days of the date of this order, class counsel shall provide the court with a proposed notice to be provided to potential class members consistent with Federal Rule of Civil Procedure 23(c)(2)(B). Class counsel shall consult with ERC before submitting the proposed notice.

**SO ORDERED** this  24th  day of October, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court