UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERICK VOLKMAN,

        Plaintiff,

     v.                                  Case No. 18-C-91

ENHANCED RECOVERY COMPANY,

        Defendant.

## DECISION AND ORDER

Plaintiff Derick Volkman filed this action on behalf of himself and others similarly situated alleging that Defendant Enhanced Recovery Company (ERC) violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, when it sent Volkman a debt collection letter that failed to clearly identify the name of the creditor to whom the debt was owed. This matter comes before the court on the parties' cross-motions for summary judgment. ERC asserts that summary judgment should be granted in its favor thereby dismissing Volkman's complaint, and Volkman has moved for summary judgment on liability only. For the following reasons, Volkman's motion will be granted and ERC's motion will be denied.

## BACKGROUND

On February 1, 2014, Volkman subscribed to Time Warner Cable services. Dkt. No. 1-1 at 2. When Volkman did not pay the balance due on his cable bill in a timely manner, Time Warner Cable retained ERC to collect the overdue balance. *Id.* On January 17, 2017, ERC mailed Volkman a letter in an attempt to collect the debt. *Id.* The top right-hand corner of the letter contained the following information:

|                      |                         |
|----------------------|-------------------------|
| **Account Number:**  | [Redacted] 6615         |
| **Service Period:**  | 02/01/2014 - 12/25/2016 |
| **Amount Due:**      | $620.76                 |
| **Address:**         | [Redacted]              |
| **Reference Number:**| [Redacted] 7469.        |

*Id.* The top left-hand corner of the letter contained ERC's logo, and below the logo appeared the following message:

> Dear DERICK VOLKMAN:
>
> Your recently disconnected Time Warner Cable account has been forwarded to us to assist you in the resolution of your balance due. Enclosed is a summary of your remaining charges. Please contact us today at the number provided below to pay your balance by phone.
>
> Thank you.

*Id.* The letter also provided an Account Summary:

| **Service Charges & Fees** | | $341.76 |
|---|---|---|
| **Equipment Charges** | **QTY** | **TOTAL** |
| HD DVR | 1 | $123.00 |
| MODEM | 1 | $78.00 |
| OTHER EQUIP | 1 | $78.00 |
| **Total Amount Due** | 3 | $620.76 |

*Id.* The bottom of the letter stated, "This is an attempt to collect a debt. Any information obtained will be used for that purpose. NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS." *Id.* The back of the letter also indicated, "The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice." *Id.* at 3. On January 17, 2018, Volkman filed a complaint alleging that ERC violated the FDCPA by sending Volkman this collection letter, which Volkman claims failed to clearly identify the current creditor. Dkt. No. 1.

2

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The fact that the parties filed cross-motions for summary judgment does not alter this standard. In evaluating each party's motion, the court must "construe all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The FDCPA was enacted for the purpose of "eliminat[ing] abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(a), (e). "Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, restricts whom a debt collector may contact regarding a debt, prohibits the use of harassing, oppressive, or abusive measures to collect a debt, and bans the use of false, deceptive, misleading, unfair, or

3

unconscionable means of collecting a debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (citing §§ 1692, 1692c–1692f). To help accomplish that goal, § 1692g(a) requires that in either the initial communication with a debtor with regard to the collection of a debt or another written notice sent within five days of the first, a creditor must provide specific information to the debtor. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 320–21 (7th Cir. 2016).

As relevant to this case, § 1692g(a) requires that the notice contain "the name of the creditor to whom the debt is owed." § 1692g(a)(2). "To satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos*, 825 F.3d at 321 (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)). In deciding whether the collection letter violates § 1692g, this court must view the letter from the perspective of the "unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). "While the unsophisticated debtor is considered 'uniformed, naïve, or trusting,' he is nonetheless deemed to possess 'rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (quoting *Fields v. Wilbur Law Firm, P.C.*, 383 F.3d 562, 564–66 (7th Cir. 2004)). Therefore, a mere claim of confusion is not enough; the plaintiff must show that the challenged "language of the letters unacceptably increases the level of confusion." *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

To succeed on his motion for summary judgment as to liability, Volkman must establish that: (1) ERC is a "debt collector" as defined in § 1962a(6), (2) that ERC's letter was mailed to Volkman in connection with the collection of debt, and (3) that the mailing of the letter to Volkman violated one or more substantive provisions of the FDCPA. *Bieber v. J. Peterman Legal Grp. Ltd.*,

4

104 F. Supp. 3d 972, 974 (E.D. Wis. 2015). While the first two elements are not in dispute, the parties' disagreement is over whether ERC's letter failed to reasonably identify the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2). Volkman argues that ERC's letter violates 15 U.S.C. § 1692g(a)(2) as a matter of law because it fails to clearly disclose the identity of the current creditor. He claims that to an unsophisticated consumer the letter leaves him to wonder whether he owes the money to ERC or Time Warner Cable.

ERC asserts that Volkman should have been easily able to identify the creditor because the letter at issue identified only two entities, ERC and the creditor, Time Warner Cable. ERC argues that, while § 1692g(a)(2) requires that the notice of debt collection contain the name of the creditor, the statute does not dictate the specific way in which ERC must convey that information. *See, e.g.*, *Smith v. Simm Assoc.*, 926 F.3d 377, 381 (7th Cir. 2019). Citing *Wright v. Phillips & Cohen Associates*, No. 12 CV 4281, 2014 WL 4471396 (E.D.N.Y. Sept. 9, 2014), ERC asserts that a collection letter that only identifies one entity other than the debt collector eliminates any potential confusion when the letter does not use the word "creditor." In that case, the defendant sent a debt collection letter containing the name of the creditor next to the label "Client." *Id.* at *1. The plaintiff asserted the letter violated the FDCPA because the letter did not contain the name of the creditor to whom the debt is owed. The court dismissed the plaintiff's § 1962g(a)(2) claim because the name of the current creditor was apparent to the least sophisticated consumer. The court reasoned that, "[a]lthough Defendant included the name of the current creditor, PAG, next to the label "Client," rather than explicitly stating that PAG is the current creditor, any confusion such a label may have caused was alleviated by Defendant's plain statement that the debt Defendant intended to collect was 'on behalf of our above referenced client,' i.e., PAG." *Id.* at *5.

5

Were this court writing on a clean slate, it might agree with ERC. This court, however, is bound by decisions of the Seventh Circuit, and in *Steffek v. Client Services, Inc.*, 948 F.3d 761 (7th Cir. 2020), that court decided this precise issue. In *Steffek*, the plaintiffs alleged that the defendant's debt collection letters, which began with a header that read "Re: Chase Bank USA, Inc.," followed by the relevant account number, violated the FDCPA because they failed to identify the current creditor. *Id.* at 763. The court held that the form letter "simply did not identify Chase Bank as the creditor to whom the debts were then owed." *Id.* at 765. It noted that "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Id.* (citations omitted). The court reasoned that the letter "communicated only that the letter somehow related to the listed Chase Bank account" and found that the unsophisticated consumer would be confused by the language of the letter, which indicated that the recipient of such a letter "should pay Client Services rather than anyone else." *Id.* The court explained that this language would confuse the debtor because he could "reasonably understand [such language] as implying that Client Services was then the creditor." *Id.*

Just like the debt collector in *Steffek*, ERC's letter fails to clearly identify who the current creditor is. The letter contains an account number and acknowledges Volkman's previously held account with Time Warner Cable. ERC argues that Volkman's long-standing relationship with Time Warner Cable would contradict any claim over the identity of the creditor. But simply indicating that Volkman had a now discontinued account with Time Warner Cable does not clearly communicate who the current creditor is. *See Steffek*, 948 F.3d at 765. The letter at issue here, just like the collection letter in *Steffek*, lists the creditors name to identify a pre-existing account rather than to actually identify the name of the creditor to whom the debt is owed. *Id.* at 763. The original account number and other identifying information "say[] nothing about who owns the debt

today." *Id.* at 766. In sum, ERC's letter violates 15 U.S.C. § 1692g(a)(2) as a matter of law because it fails to clearly disclose the identity of the current creditor.

## CONCLUSION

For the foregoing reasons, Volkman's motion for partial summary judgment as to liability is granted and ERC's motion for summary judgment is denied. The Clerk is directed to set the matter for a telephone conference to address further proceedings.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
