**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

DEREK VOLKMAN, on behalf of himself and
all others similarly situated,

                Plaintiff,

       *vs.*                                  Case No. 1:18-cv-00091-WCG

ENHANCED RECOVERY COMPANY, LLC, a
Delaware Limited Liability Company, d/b/a ERC,

                Defendant.

**DECLARATION OF ANDREW T. THOMASSON IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR FINAL APPROVAL OF THE PARTIES'
CLASS SETTLEMENT AGREEMENT**

I, Andrew T. Thomasson, of full age, hereby declare as follows:

      1.      I am an attorney at law of the State of New Jersey and I am admitted to practice before the bar of this Court. My law firm, Stern•Thomasson LLP, is counsel for Plaintiff, Derek Volkman, and the Certified Class. I submit this Declaration in support of Plaintiff's Unopposed Motion for Final Approval of the Parties' Class Settlement Agreement. I am familiar with all facts set forth herein and state them to be true based upon my own personal knowledge.

      2.      Stern•Thomasson LLP was formed on July 1, 2015, when Philip D. Stern, Esq. and I merged our respective solo consumer law practices. The newly formed law firm's principal area of practice remains focused on representing plaintiffs in class action litigation involving various state and federal consumer protection statutes. In that regard, Stern•Thomasson LLP consists of 3 attorneys including Philip D. Stern, Andrew T. Thomasson, and Alla Gulchina. My professional experience is set forth below.

## PROFESSIONAL EXPERIENCE AND QUALIFICATIONS

3. I received my bachelor's degree from Arkansas State University and my law degree from Thomas Jefferson School of Law in San Diego, California. I was admitted to practice law in the State of New Jersey in 2013. I am also admitted to practice law before the United States Courts of Appeal for the Second, Third, Fourth, Fifth, Sixth, and Seventh Circuits, as well as the following United States District Courts: District of New Jersey; Northern District of Florida; Eastern and Western Districts of Michigan; District of Colorado; Northern, Southern, and Western Districts of Texas; Northern and Central Districts of Illinois; and the Eastern and Western Districts of Wisconsin.

I have always remained a member in good standing and my license to practice law has never been suspended or revoked by the State of New Jersey or any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction. I have never been the subject of an ethics complaint or sued on a malpractice claim, charged with violating Fed. R. Civ. P. 11, and I am Peer-Reviewed by Martindale-Hubbell.

From 2009 and continuing until 2013 when I was admitted to practice, I was employed as a law clerk at the Law Office of William F. Horn in Fresh Meadows, New York and, upon my admission to practice law I became counsel to the firm. In that regard, I worked on a variety of complex consumer class action cases including, but not limited to, all aspects of the following successful class actions in which William F. Horn was certified as class counsel: *Anderson v. Nationwide Credit, Inc.*, E.D.N.Y. Case No. 2:08-cv-01016; *Harrigan v. Receivables Performance Management, LLC*, N.D.N.Y. Case No. 8:09-cv-01351; *Gravina v. United Collection Bureau, Inc.*, E.D.N.Y. Case No. 2:09-cv-04816; *Gravina v. National Enterprise Systems, Inc.*, E.D.N.Y. Case No. 2:09-cv-02942; *Anderson v. Nationwide Credit, Inc.*, E.D.N.Y.

Case No. 2:10-cv-03825; *Pawelczak v. Bureau of Collection Recovery, LLC*, N.D. Ill. Case No. 1:11-cv-01415; *Zirogiannis v. Professional Recovery Consultants, Inc.*, E.D.N.Y. Case No. 2:11-cv-00887; *Lagana v. Stephen Einstein & Associates, P.C.*, S.D.N.Y. Case No. 1:10-cv-04456; *Corpac v. Rubin & Rothman, LLC*, E.D.N.Y. Case No. 2:10-cv-04165; *Castellano v. Global Credit & Collection Corporation*, E.D.N.Y. Case No. 2:10-cv-05898; *Cedeno v. Bureau of Collection Recovery, Inc.*, C.D. Cal. Case No. 8:10-cv-01960; *Pawelczak v. Financial Recovery Services, Inc.*, N.D. Ill. Case No. 1:11-cv-02214; *Gravina v. Weltman, Weinberg & Reis, Co., LPA.*, E.D.N.Y. Case No. 2:11-cv-01161; *Krug v. Davis Davis Attorneys, P.C.*, D. NJ. Case No. 1:10-cv-04975; *Zirogiannis v. Mel S. Harris & Associates, LLC*, E.D.N.Y. Case No. 2:12-cv-00680; *Sebrow v. Fulton, Friedman & Gullace, LLP*, E.D.N.Y. Case No. 1:10-cv-05897; *Burton v. Nations Recovery Center, Inc.*, E.D.N.Y. Case No. 1:13-cv-01426; and *Steinmetz v. Shapiro, Dicaro & Barak, LLC*, E.D.N.Y. Case No. 2:12-cv-01646.

Since becoming licensed to practice law, I have been personally certified as class counsel in the following consumer class action lawsuits: *Pascal, et al. v. Steine & Associates, P.C., et al.*, U.S. District Court, E.D.N.Y. Case No. 2:12-cv-04436-JFB-WDW; *Fischer v. NCB Management Services, Inc.*, U.S. District Court, S.D.N.Y. Case No. 7:12-cv-09451-CS; *Freeman v. General Revenue Corporation*, U.S. District Court, E.D.N.Y. Case No. 1:12-cv-01406-RER; *Goldman v. Horizon Financial Management, LLC*, U.S. District Court, S.D.N.Y. Case No. 7:12-cv-07592-LMS; *Dabbas v. Alpha Recovery Corp.*, U.S. District Court, E.D.N.Y. Case No. 1:13-cv-05169-SMG; *Sabri v. E. Hope Greenberg d/b/a Law Office of E. Hope Greenberg*, U.S. District Court, E.D.N.Y. Case No. 1:13-cv-00699-FB-VMS; *Bryan v. National Enterprise Systems, Inc., et al.*, U.S. District Court, E.D.N.Y. Case No. 2:13-cv-03740-LDW-WDW; *Gillman Harris v. Midland Credit Management, Inc.*, U.S. District Court, S.D.N.Y. Case No. 1:13-cv-03125-TPG; *Graff v. United Collection Bureau, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:12-cv-02402-GRB;

*Rice v. National Enterprise Systems, Inc., et al.*, U.S. District Court, E.D.N.Y. Case No. 2:13-cv-05118-LDW-ARL; *Mazzucco, et al. v. Certified Credit & Collection Bureau*, U.S. District Court, D.N.J. Case No. 3:13-cv-07422-TJB; *Kavalin v. AmeriFinancial Solutions, LLC*, U.S. District Court, S.D. Fla. Case No. 0:13-cv-62789-DPG; *Cohen v. M.L. Zager, P.C.*, U.S. District Court, D.N.J. Case No. 2:14-cv-03143-JBC; *Manuel, et al. v. Caliber Home Loans, Inc.*, U.S. District Court, D.N.J. Case No. 2:14-cv-05233-SRC-CLW; *Babcock, et al. v. C.Tech Collections, Inc., et al.*, U.S. District Court, E.D.N.Y. Case No. 1:14-cv-03124-MDG; *Mansour v. Seas & Associates, LLC*, U.S. District Court, D.N.J. Case No. 2:14-cv-02935-SCM; *Avila v. Law Office of Gary M. Feldman, Esq.*, U.S. District Court, E.D.N.Y. Case No. 2:13-cv-07407-GRB; *Dispennett v. Frederick J. Hanna & Associates, P.C.*, U.S. District Court, W.D. Pa. Case No. 2:15-cv-00636-MPK; *Jones v. Delta Management Associates, Inc.*, U.S. District Court, E.D. Wis. Case No. 1:15-cv-00267-WCG; *Zavian v. Client Services, Inc.*, U.S. District Court, D.N.J. Case No. 2:15-cv-0682-SCM; *Kopchak v. United Resourse Systems, et al.*, U.S. District Court, E.D. Pa. Case No. 5:13-cv-05884-MSG; *Kavalin v. AFNI, Inc.*, U.S. District Court, S.D. Fla. Case No. 0:15-cv-60143-BB; *Maldonado, et al. v. Raymond Meisenbacher & Sons, Esqs., P.C., et al.*, U.S. District Court, N.J.D. Case No. 3:15-cv-01845-DEA; *Gamil v. Rubin & Rothman, LLC*, U.S. District Court, E.D.N.Y. Case No. 2:15-cv-00981-ARL; *Wood v. New Century Financial Services, Inc.*, N.J. Superior Court, Docket No. MRS-L-002679-15; *Prendergast v. Certified Credit & Collection Bureau*, U.S. District Court, D.N.J. Case No. 3:15-cv-07411-TJB; *Kielbasinski v. A.R. Resources, Inc.*, U.S. District Court, W.D. Pa. Case No. 3:15-cv-00066-KRG; *Rittle v. Premium Receivables, LLC*, U.S. District Court, M.D. Pa. Case No. 1:15-cv-00166-SHR; *Specht v. Eastern Account System of Connecticut, Inc.*, U.S. District Court, S.D.N.Y. Case No. 7:15-cv-02159-PED; *Gadime v. NRA Group, LLC*, U.S. District Court, E.D.N.Y. Case No. 2:15-cv-04841-SJF-AKT; *Hayes v. Convergent Healthcare Recoveries, Inc.*, U.S. District Court, C.D. Ill.

Case No. 1:14-cv-01467-JES-JEH; *Maldonado, et al. v. Nelson, Watson & Associates, et al.*, U.S. District Court, D.N.J. Case No. 2:15-cv-05940-MAH; *Sandoval v. LVNV Funding LLC, et al.*, U.S. District Court, D.N.J. Case No. 2:15-cv-06728-KM-MAH; *Chung v. CCB Credit Services, Inc.*, U.S. District Court, D.N.J. Case No. 2:15-cv-05198-KM-MAH; *Wood v. Credit Control, LLC*, U.S. District Court, D. Kan. Case No. 6:16-cv-01098-KGG; *Feliciano, et al. v. Forster, Garbus & Garbus*, U.S. District Court, D.N.J. Case No. 2:15-cv-02496-CLW; *Maldonado, et al. v. Law Offices of Faloni & Associates, LLC*, U.S. District Court, D.N.J. Case No. 2:15-cv-02859-CLW; *Dickon v. Rubin & Rothman, LLC*, U.S. District Court, D.N.J. Case No. 2:15-cv-7961-SCM; *Williams v. Pressler and Pressler, LLP*, U.S. District Court, D.N.J. Case No. 2:11-cv-07296-KSH-CLW; *Bell v. Adler Wallach & Associates, Inc., et al.*, U.S. District Court, W.D. Tex. Case No. 5:16-cv-00366-OLG; *Thomas v. ARS National Services, Inc.*, U.S. District Court, D.N.J. Case No. 2:15-cv-03635-JAD; *Ballaj v. Gatestone & Co. International, Inc.*, U.S. District Court, D.N.J. Case No. 2:16-cv-01311-CLW; *Bordeaux v. Ltd. Fin. Servs., L.P., et al.*, U.S. District Court, D.N.J. Case No. 2:16-cv-00243-KSH-CLW; *Safranski v. Professional Placement Services, LLC*, U.S. District Court, E.D. Wis. Case No. 1:17-cv-00129-WCG; *Smith v. Simm Associates, Inc.*, U.S. District Court, E.D. Wis. Case No. 1:17-cv-00769-WCG; *Heerema v. AFNI, Inc.*, D.N.J. Case No. 2:16-cv-00244-JBC; *Zirogiannis v. National Recovery Agency, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:14-cv-03954-DRH-AYS; *Heerema, et al. v. Collecto, Inc. et al.*, U.S. District Court, D.N.J. Case No. 2:16-cv-02087-MF; *Steffek, et al. v. Client Services, Inc*. U.S. District Court, E.D. Wis. Case No. 1:18-cv-00160-WCG; *Volkman v. Enhanced Recovery Company, LLC d/b/a ERC*, U.S. District Court, E.D. Wis. Case No. 1:18-cv-00091-WCG; *Ramos, et al. v. Credit Control LLC*, U.S. District Court, E.D.N.Y. Case No. 2:16-cv-04098-JMA-SIL; *Medicine to Go Pharmacies, Inc. v. Macoven Pharmaceuticals LLC, et al*., U.S. District Court, D.N.J. Case No. 2:16-cv-07717-MF;

*Hovermale v. Immediate Credit, Inc.*, U.S. District Court, D.N.J. Case No. 1:15-cv-05646-JS; *Weiss v. The Law Offices of Frederic I Weinberg & Associates, P.C., et al.*, U.S. District Court, D.N.J. Case No. 1:16-cv-01679-KMW; *Vandehey v. Allianceone Receivables Management, Inc.*, U.S. District Court, E.D. Wis. Case No. 1:18-cv-00481-WCG; *Long v. Michael C. Koehn*, U.S. District Court, E.D. Wis. Case No. 1:18-cv-00943-WCG; *Aronne v. Credit Control LLC*, U.S. District Court, E.D.N.Y. Case No. 2:18-cv-03744-ADS-AYS; *Sandri v. Asset Recovery Solutions LLC*, U.S. District Court, E.D. Wis. Case No. 1:18-cv-01182-WCG; *Henhaffer v. Simeone & Raynor LLC*, N.J. Superior Court, Docket No. CAM-L-001620-18; *Vandehey v. Client Services, Inc.* U.S. District Court, E.D. Wis. Case No. 1:18-cv-01669-WCG; *Panico v. Portfolio Recovery Associates LLC*, N.J. Superior Court, Docket No. SOM-L-001183-18; *Oh, et al. v. Cavalry Portfolio SPV I, LLC, et al.*, D.N.J. Case No. 2:16-cv-05127-MF (Lead); *Garcia v. Allied Interstate LLC, et al.*, W.D. Tex. Case No. 5:15-cv-00294-RCL; *Nagan v. Optio Solutions LLC d/b/a Qualia Collection Services*, E.D. Wis. Case No. 1:19-cv-00170-WCG; *Cole v. Menn Law Firm, Ltd.*, E.D. Wis. Case No. 1:19-cv-00527-WCG; *Heredia v. Capital Management Services, L.P.*, E.D. Wis. Case No. 1:17-cv-00248-WCG; *Filgueiras v. Portfolio Recovery Associates LLC*, N.J. Superior Court, Docket No. ESX-L-006277-18; and *Monroe v. AssetCare LLC, et al.*, S.D. Tex. Case. No. 4:19-cv-05039.

Since 2009, I have been a member in good standing of the National Association of Consumer Advocates ("NACA"), a non-profit association of attorneys and consumer advocates committed to representing consumers' interests. I regularly attend conferences and symposiums conducted by NACA and the National Consumer Law Center covering a variety of Continuing Legal Education topics, including, but not limited to, the Fair Debt Collection Practices Act, Truth In Lending Act, Real Estate Settlement Procedures Act, Telephone Consumer Protection Act, and various other federal and state consumer protection statutes, professional responsibility,

and class action litigation involving consumer protection statutes. I have also been a presenter for Continuing Legal Education programs on issues related to consumer debt collection.

I was also appointed by the United States Bankruptcy Trustee to serve on the Official Committee of Unsecured Creditors (the "Committee") in the following consolidated Chapter 11 cases filed by publicly traded companies: *In re Pernix Sleep, Inc., et al.*, District of Delaware (Case No. 19-10323) [I was elected Chairman of the Committee]; and *In re SquareTwo Financial Services Corporation*; Southern District of New York (Case No. 17-10659 jlg).

*Steffek v. Client Servs.*, 948 F.3d 761 (7th Cir. 2020); *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811 (7th Cir. 2019); *Panico v. Portfolio Recovery Assocs.*, LLC, 879 F.3d 56 (3d Cir. 2018); *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274 (3d Cir. 2018); *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362 (7th Cir. 2018); *Bock v. Pressler & Pressler, LLP*, 254 F. Supp. 3d 724 (D.N.J. 2017); *Avila v. Riexinger & Assocs.*, 817 F.3d 72 (2d Cir. 2016); *Franco v. Allied Interstate LLC*, 718 F. App'x 1 (2d Cir. 2018); *Franco v. Allied Interstate LLC*, 602 Fed. Appx. 40 (2d Cir. 2015); and *Vandehey v. Client Servs.*, 390 F. Supp. 3d 956 (E.D. Wis. 2019).

\*   \*   \*

4. My law firm regularly litigates class action lawsuits throughout the United States where it has been retained to represent plaintiffs. Many of those cases have either been resolved on a class basis and are awaiting preliminary approval or have fully briefed contested motions for class certification and await a court's ruling. Our law firm has several favorable decisions from various United States District Courts and Appeals Courts.

5. Since the outset of this litigation, my firm has devoted significant time, money, and other resources to pursuing Mr. Volkman's individual and class claims. That said, I believe I owe the Court a duty of candor to disclose that my firm is presently seeking to dissolve and embroiled in litigation recently filed by one of its equity partners, Philip D. Stern. On November

20, 2020, a special fiscal agent was appointed to manage the firm's financial affairs and on December 29, 2020, I filed an application with the Superior Court of New Jersey seeking an Order to immediately dissolve my firm and appoint a receiver to conduct the firm's wind-up and permit Mr. Stern and me to begin our separate law practices. Mr. Stern's allegations against me and others now, and formerly, in the firm are baseless.

6. If this case were at an earlier stage, I believe my firm's present circumstances might prevent us from having the requisite adequacy to represent a certified class. However, I *do* believe given the *current* stage and settlement posture of this litigation, and with the precautions I have taken, I am adequate to continue as Class Counsel for the remainder of this case.

7. Additionally, I also took a further precautionary measure by making sure the court-appointed Administrator is aware of the situation and staying in communication with him [*see, Kaufman Declaration*] and by associating attorney Katelyn, B. Busby, as co-class counsel to assist me in carrying out our future obligations on behalf of Class Members. The Court may recall Mrs. Busby was formerly an attorney in my firm. Mrs. Busby was previously involved with coordinating and communicating with the Class Administrator about the Settlement prior to her departure from my firm. Thus, I ask that the Court certify her to continue acting as co-Class Counsel now that she has re-entered her appearance.

8. If my firm is dissolved or I begin practicing elsewhere, I will promptly notify the Court and continue fulfilling my responsibilities as Class Counsel until the case is completed.

**FACTS REGARDING SETTLEMENT REACTION AND ATTORNEY FEES & COSTS**

9. The Settlement sent to Class Members advised they had the right to object to the Settlement provided they put their request in writing to the Administrator and the Court. To date, my office has not received any objections to, or requests for exclusions from, the Settlement.

10. Additionally, my office has not received any objection from the Wisconsin

Attorney General or United States Attorney General both of whom Defendant provided the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) ("CAFA"). [Doc. 81]. In my professional opinion, I believe the lack of objections by the Attorneys General (or any Class Member) strongly evinces the high quality and value of the Settlement and supports final approval particularly given that these Attorneys General are charged with the responsibility of protecting consumers within their states/nation and regulating debt collection companies.

11. Fed. R. Civ. P. 23(h) provides, in part, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." I submit that such fees and costs are authorized by both law (*See*, 15 U.S.C. § 1682k(a)(3)) and the Parties' agreement, which provides in relevant as follows:

> ERC agrees Plaintiff brought a "successful action" under 15 U.S.C. § 1692k and, thus, subject to Court approval, is entitled to recover attorneys' fees and costs $151,000.00, which covers all fees and expenses, including class administration, arising from the Litigation. The Parties neither negotiated, nor agreed upon, any amount for Class Counsels' fees and costs (or Plaintiff's incentive award) until *after* the Agreement's material terms were resolved. Any award of fees, costs, and expenses to Class Counsel is in addition to, and shall not reduce, the Class Recovery. [Doc. 78-1, ¶12].

12. Additionally, aside from the Settlement, there is no other agreement or understanding between the Parties or their respective counsel.

13. My firm maintains time records for each client file that reflects the actual time contemporaneously recorded by our attorneys and staff members who entered time for each task performed and billed. In preparation of this Declaration, I personally reviewed my firm's time records to exercise the billing judgment which, in my view, is required to exclude hours "that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When conducting my initial review, I first confirmed the absence of, and otherwise removed, any erroneous billing entries, removed all paralegal time, and then I took a 10% across-

the-board deduction of our remaining billables to ensure the impossibility of any "excessive, redundant, or otherwise unnecessary" hours in this nearly *three*-year-old case.

14.  The chart below reflects that, after making the reductions described above, my firm expended 311.73 total number of hours on this litigation through January 4, 2021. The total lodestar for attorney time based on my Firm's current rates is $168,284.75. As discussed *infra*, this Court, and other courts where we regularly practice, have approved our hourly rates shown below; they are also the usual and customary rates we charged our clients since 2019. A breakdown of my firm's adjusted lodestar is as follows:

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Andrew T. Thomasson | A | 248.66 | $525.00 | $130,546.50 |
| Francis R. Greene | A | 30.52 | $575.00 | $17,549.00 |
| Philip D. Stern | A | 25.27 | $700.00 | $17,689.00 |
| Katelyn B. Busby | A | 5.45 | $400.00 | $2,180.00 |
| Grace LaPera | P | 1.83 | $175.00 | $320.25 |
| TOTAL | | 311.73 | | **$168,284.75** |

(A) Attorney (P) Paralegal

15.  My Firm also incurred a total of $7,183.90 in unreimbursed expenses in connection with its prosecution of this litigation. Those expenses are broken down as follows:

| DISBURSEMENT | TOTAL |
|---|---|
| Filing Fees | $400.00 |
| Postage and Courier/Delivery | $96.00 |
| Service of Process Fees | $37.10 |
| Depositions & Transcript Fees | $1,404.20 |
| Mediator Fees | $2,500.00 |
| Travel | $2,791.60 |
| **TOTAL** | **$7,183.90** |

16. The expenses incurred pertaining to this case are reflected in the books and records of Stern•Thomasson LLP and are an accurate record of the expenses incurred.

17. The total amount of fees and expenses incurred by Stern•Thomasson LLP are appropriate and reasonable when considering we expended significant time over roughly *36 months*: communicating with Plaintiff and opposing counsel (verbally and in writing); conducting an investigation of the Defendant, which included the Plaintiff's factual and legal claims, Defendant's finances, and its prior and pending litigation including potential conflicting class claims; conducting legal research regarding liability and class certification; litigating fact intensive dispositive motions at the district court; meeting with a consulting expert; preparing written discovery requests and responses, and taking numerous out-of-state depositions; drafting motions and other pleadings; attending court conferences and mediation; developing, negotiating, and drafting all settlement documents, including the Agreement and all of its exhibits; researching and drafting Motions for Class Certification, and Preliminary and Final Approval of the Class Settlement Agreement and their supporting documents; drafting the Notice of Pendency of Class Action and Notice of Settlement, and responding to Class Members' communications, communicating with the Administrator regarding status reports, and the like.

18. Of course, there is still more work to come, such as, preparation for and attendance at the fairness hearing and the attendant work following that hearing, including distributions to Class Members and their continued inquiries. All, as discussed *infra*, with no promise of or guarantee of ever being reimbursed for the time or money my firm expended on behalf of Plaintiff and the Settlement Class.

19. Nearly all my firm's practice is contingent fee litigation on behalf of plaintiffs. We regularly represent plaintiffs in contingent fee cases in federal court in this District and various other District Courts throughout the United States of America. We frequently work with

other plaintiff's lawyers who also handle cases on a contingent fee basis and, in that regard, I am generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

20. Regarding my firm's hourly rates, I understand that the rates where we work is appropriate. *See, Weyker v. Quiles*, No. 14-CV-782-PP, 2015 WL 5177970, at *2 (E.D. Wis. Sept. 4, 2015) quoting *Chrapliwy v. Uniroyal, Inc*., 670 F.2d 760, 768 (7th Cir. 1982) *cert. denied*, 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983); *see also, Copeland v. Marshall*, 205 U.S. App. D.C. 390, 641 F.2d 880, 890 and 892 (D.C. Cir. 1980) (en banc) citing *Chrapliwy, supra*, ("it is not surprising that the Seventh Circuit concluded that it could be appropriate to award higher fees to those from outside the community [] and we have found no case suggesting the contrary.") As noted *supra*, my firm seeks the following hourly rates: Mr. Stern at $700.00 Mr. Greene at $575.00, Ms. Busby at $400.00, and my rate at $525.00. Our foregoing rates have been approved in multiple Districts, including by this Court.

21. My firm has an office in this District, the District of New Jersey, and San Antonio, Texas. This Court most recently approved the foregoing rates for Messrs. Stern and Greene, Mrs. Busby, and me in *Steffek, et al. v. Client Services, Inc*., Case No. 1:18-cv-00160-WCG; *Heredia v. Capital Management Services, L.P.*, Case No. 1:17-cv-00248-WCG; and *Cole v. Menn Law Firm, Ltd.*, Case No. 1:19-cv-00527-WCG.

22. In San Antonio, Texas, the Honorable Royce C. Lamberth approved mine and Mr. Stern's requested hourly rate in January 2020 in *Garcia v. Allied Interstate LLC, et al.*, W.D. Tex. Case No. 5:15-cv-00294-RCL 2019, and in New Jersey, mine and Mr. Stern's requested hourly rates were approved in 2019 by several state and federal courts. *See, e.g., Oh, et al. v. Cavalry Portfolio SPV I, LLC, et al.*, D.N.J. Case No. 2:16-cv-05127-MF (Lead); *Filgueiras v. Portfolio Recovery Associates LLC*, N.J. Superior Court, Docket No. ESX-L-006277-18; and *Panico v. Portfolio Recovery LLC* (N.J. Super., Docket No. SOM-L-001183-18).

23. Prior to that, Mr. Stern's, Mr. Greene's, Mrs. Busby's, and my respective hourly rates of $675.00, $575.00, $400.00, and $475.00 rates were consistently approved by this Court and others for the past three years until July 2019 when we sought a modest increase of our court-approved rates, which is what we now customarily charge our paying clients. Those hourly rates and are fair, reasonable, and consistent with rates in this District, New Jersey, Texas, and other courts throughout the United States based upon our knowledge and experience and considering the risks inherent in bringing and prosecuting cases such as this one.

24. The hourly rates for my firm include many factors beyond personal compensation, including non-billed office personnel, equipment, insurance, research materials, office supplies, other overhead expenses, and forbearance of other cases. Consumer litigation inevitably involves suing large corporations, which have the capacity to bring enormous resources to bear that individual consumers are unable to meet on their own. In this case, Class Counsel have worked for nearly a year without compensation. If plaintiffs' attorneys are not compensated at rates that allow them to maintain technological, intellectual, and professional resources to match corporate defendants' resources, consumers will be unable to find qualified counsel to represent them. Few attorneys have the means, ability, or desire to take these cases, and if those that do so are not compensated at a rate which allows them the chance of prevailing on behalf of consumers, these cases will never be brought; and the remedial purpose of this legislation will fail.

25. The average consumer simply does not have funds to litigate this type of case. Therefore, in further justification of our fees, I note that my firm takes all such cases on a contingency fee basis, advances all litigation costs, and does not charge consumers anything up front. If the case is lost, we simply do not get paid.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated: January 4, 2021

      *s/Andrew T. Thomasson*
      *Andrew T. Thomasson*
Andrew T. Thomasson (NJ Bar # 048362011)
   *Attorney for Plaintiff and the Certified Class*
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
Telephone: (973) 379-7500
E-mail: Andrew@SternThomasson.com