**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

DEREK VOLKMAN, on behalf of himself and
all others similarly situated,

        Plaintiff,

    *vs*.                                    Case No. 1:18-cv-00091-WCG

ENHANCED RECOVERY COMPANY, LLC, a
Delaware Limited Liability Company, d/b/a ERC,

        Defendants.

**FINAL APPROVAL ORDER AND JUDGEMENT**

Upon consideration of Plaintiff's Motion [Doc. 83] for Final Approval of the Class Settlement Agreement ("Settlement" or "Agreement") between Plaintiff, Derek Volkman, individually and as representative of the Class previously certified by the Court, and Defendant, Enhanced Recovery Company LLC d/b/a ERC ("ERC"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, the Plaintiff, Class Members, and ERC.

2. On October 24, 2018, the Court granted Plaintiff's Motion for Class Certification and certified the following litigation class pursuant to Fed. R. Civ. P. 23(b)(3) consisting of 1,691 members:

> All persons with addresses in the State of Wisconsin to whom Enhanced Recovery Company, LLC mailed an initial written communication to collect a debt between January 17, 2017 and February 7, 2018, which was not returned as undeliverable, and which stated "[y]our recently disconnected Time Warner Cable account has been forwarded to us to assist you in the resolution of your balance due."

[Doc. 28]. On November 19, 2018, the Court approved the Parties' proposed form and method of providing Class Members with Notice of Pendency of this Class Action and their right to seek

exclusion [Doc. 31], which the Court's appointed Administrator, sent by first class mail, on January 16, 2016. [Doc. 76]. Only two Class Members requested exclusion. *Id.*

3. The Parties subsequently filed cross-Motions for Summary Judgment [Docs. 49 and 52] and, on August 10, 2020, the Court granted partial summary judgment as to ERC's liability and denied ERC's motion [Doc. 73]. The Parties then successfully mediated their dispute which resulted in the Settlement [Doc. 78-1], which the Court granted preliminary approval of on September 24, 2020 [Doc. 80].

4. On October 8, 2020, the Administrator served the Court's approved form of Notice of Settlement by sending it to all 1,689 Class Members via U.S. Mail with only 40 Notices being returned as undeliverable with no forwarding address. The Settlement Notice informed Class Members of the Settlement terms, the prior Notice of Pendency, and explained their rights including how to object to any aspect of the Settlement. As of January 4, 2021, no Class Members have submitted or filed any written objection and their deadline to do so expired on December 7, 2020.

5. On January 8, 2021, the Court held a fairness hearing to which Class Members, including any with objections, were invited but none appeared to voice any objection. The Court notes the lack of any negative responses strongly favors approval of the Settlement. *See, e.g., In re Southwest Airlines Voucher Litig.*, 2013 U.S. Dist. LEXIS 120735, at *21 (N.D. Ill. Dec. 6, 2013) (finding a "low level of opposition" of 0.01% of the class "supports the reasonableness of the settlement") and *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1314 n.15. (3d Cir.1993) (silence is a "tacit consent" to settlement).

6. The Court finds that its provisions for providing Notice of the Settlement to Class Members satisfy the requirements of due process under the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

7. The Court also confirms its preliminary finding that the Settlement is fair, reasonable, and adequate and hereby finally approves the Settlement submitted by the Parties, including its Release and payments by ERC. Upon the Effective Date, as that term is defined in the Agreement, ERC shall:

    (a) create a class settlement fund of $133,000.00, which the Administrator shall distribute on a *pro rata* basis ($80.65) to each of the 1,649 Class Members who did not previously seek exclusion, and whose Notice of Settlement was not returned as undeliverable. The Class Recovery checks shall become void 60 days from the date of issuance and any checks not cashed by the void date, along with any unclaimed settlement funds, will be disbursed in the following order: (i) to pay the costs associated with providing notice to Class Members and administering the Settlement; and (ii) any remainder donated as a *cy pres* award to Legal Action of Wisconsin.

    (b) Pay Plaintiff $6,000.00, which is comprised of $1,000.00 to Plaintiff for his statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) and an additional $4,000.00 in recognition of his services on behalf of the Class.

    (c) Pay Class Counsel $151,000.00 for their attorneys' fees and costs incurred in the action based on their submitted hourly rates and time expended. Class Counsel shall not request additional fees or costs from ERC or Class Members.

8. The Parties grant the following releases:

    (a) (Plaintiff, including his agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for his benefit, and any person claiming through him ("Releasors"), release and discharge ERC, as well as its parent corporations, principals, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, former employees, members, shareholders, general partners, trustees, limited partners, beneficiaries, representatives, attorneys, insurance carriers or assigns (in their respective capacities as ERC's officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time to the Effective Date.

    (b) Each Class Member who did not previously exclude themselves from the Litigation releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for payment of attorney's fees

and costs, arising out of or related to ERC's collection letter attached to Plaintiff's Complaint [Doc. 1].

(c) Plaintiffs and each Class Member DO NOT release any claim or defense Plaintiff and Class Members may have regarding the underlying debts ERC sought to collect, including, but not limited to (1) whether any debt is in fact owed, (2) crediting of payments on any debt, or (3) proper reporting of any debts to credit bureaus.

(d) ERC does NOT release its claims, if any, against Plaintiff or any Class Member for payment of their alleged debts. The underlying debts ERC sought to collect are unaffected by this Agreement and neither ERC nor its clients are prevented from continuing to collect any debts allegedly owed by Class Members.

9. The Court finds the Settlement is fair and made in good faith.

10. The terms of the Settlement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

Dated at Green Bay, Wisconsin this 8th day of January, 2021.

                                                          s/ William C. Griesbach
                                                          William C. Griesbach, District Judge
                                                          United States District Court